# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

MICHAEL ALFRED MAESTREY, :
:
    Plaintiff, :
:
VS. : CASE NO. 5:17-CV-00068-MTT-MSH
:
Warden GLEN JOHNSON, *et al.*, :
:
    Defendants. :
_____

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Michael Alfred Maestrey, who is presently confined at the Dooly State Prison in Unadilla, Georgia, filed a complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also moved to proceed without prepayment of the filing fee (ECF Nos. 2, 8) and for the appointment of counsel (ECF No. 7). On May 31, 2017, the Court ordered the consolidation of a similar case filed by Plaintiff into the above-captioned action. *See Maestrey v. Johnson*, Case No. 5:17-cv-00047-MTT-CHW (Feb. 3, 2017) ("*Maestrey I*"). A motion for preliminary injunction filed in that case has since been refiled in this case, and it is also pending before the Court (ECF No. 9).

The undersigned has reviewed Plaintiff's submissions in this case and in *Maestrey I*, and for the following reasons **GRANTS** Plaintiff's motions to proceed *in forma pauperis* but **DENIES** Plaintiff's motion for appointed counsel. The undersigned further **RECOMMENDS** that Plaintiff's motion for a preliminary injunction be **DENIED**.

Plaintiff will also be required to supplement his Complaint, as described below, if he wishes to proceed with his claims.

## I. Motions to Proceed *in forma pauperis*

Section 1915 allows the district courts to authorize the commencement of a civil action without prepayment of the normally-required fees upon a showing that the plaintiff is indigent and financially unable to pay the filing fee. A prisoner seeking to proceed *in forma pauperis* ("IFP") under this section must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b).

In this case, Plaintiff's pauper's affidavit and the account information he was able to provide show that he is currently unable to prepay the Court's filing fee. Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 2, 8) are thus **GRANTED**. Plaintiff, however, is still obligated to pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. It is accordingly requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's Complaint (or any part thereof) is dismissed prior to service.

A.   Directions to Plaintiff's Custodian

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B.   Plaintiff's Obligations on Release

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II. Motion to Appoint Counsel

Plaintiff moves for the appointment of counsel. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc).

In this case, Plaintiff has filed a complaint on a standard § 1983 form. The Court is required to review the Complaint to determine whether Plaintiff's allegations state a colorable legal claim. This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstance" justifying appointment of counsel. The facts stated in Plaintiff's Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex. Plaintiff's motion to appoint counsel (ECF No. 7) is accordingly **DENIED**. If, however, it becomes apparent at some point later in these proceedings that counsel should be appointed in this case, after due consideration of the complexity of the issues raised or their novelty, the Court will entertain a renewed motion.

### III. Order to Recast

Under the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required, under 28 U.S.C. § 1915(e), when the plaintiff is proceeding *in forma pauperis*. In this case, the undersigned has reviewed Plaintiff's submissions and requires additional information before it can determine whether Plaintiff's allegations state a claim upon which relief may be granted.

#### A. Factual Allegations

Plaintiff generally complains that the Georgia Department of Corrections "manipulates" the prison's grievance system "to avoid conditions of confinement suits." ECF No. 1 at 5. More specifically, Plaintiff alleges that Defendants have (1) instituted policies that make it procedurally difficult to raise valid claims within the existing grievance system, especially grievances that contain more than one claim, and (2) delayed responding to or resolving grievances. Plaintiff thus alleges that Defendants are frustrating inmates' abilities to fully exhaust their administrative remedies before filing lawsuits, and that without the ability to file lawsuits, Georgia inmates are unable to hold officials liable for the dangerous conditions they experience in prison. *Id.*

In his Complaint and Amended Complaint in *Maestrey I*, Plaintiff additionally suggests that the conditions in the administrative segregation or isolation unit at Dooly State Prison are unconstitutional. Plaintiff states there has been at least one allegedly preventable death in the prison since he has been incarcerated there; that gang members

are threatening inmates, causing them to seek protective custody; and that inmates housed in isolation or segregation "are subjected to inadequate medical-care, counseling services, phone time, recreation, general and legal libraries, hygene [sic] supplies, and indigent supplies[.]" ECF No. 7 in *Maestrey I* at 6. Plaintiff also states that inmates who request protective custody are often required to wait for weeks to receive this classification, "thus placing the inmates safety at extreme risk of physical bodily harm, even of death." *Id.* Plaintiff further asserts that inmates who complain or request protective custody status are retaliated against. *Id.*

    B.    Plaintiff's Claims

Plaintiff may be seeking to raise an access-to-courts claim by alleging that Defendants have hindered inmates' ability to exhaust their administrative remedies and thereby frustrated their ability to file lawsuits. To state an access-to-courts claim, however, "plaintiff must show actual injury by 'demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded.'" *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (alterations and omission in original) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). Plaintiff has not alleged that he suffered any such injury in this case, and he has therefore failed to state an access-to-courts claim.[1]

Plaintiff has also failed to state a claim regarding the allegedly unconstitutional conditions in the administrative segregation unit at Dooly State Prison. Plaintiff

---

[1] The Eleventh Circuit has also observed that where a prison official's conduct prevents an inmate from pursuing his administrative remedies, such remedies may be considered "unavailable" and the exhaustion requirement may be lifted. *See, e.g., Tilus v. Kelly*, 510 F. App'x 864, 866 (11th Cir. 2013) (per curiam).

6

generally complains that "inmates" are subject to these conditions, *see, e.g.,* ECF No. 7 at 6, but he does not specifically describe the conditions to which he has personally been subjected or explain how he has been affected by them. Plaintiff also mentions that Defendants have infringed upon his religious liberties, *see id.* at 10, but he has not provided any specific factual details about this claim or even alleged what religion he practices. Plaintiff also does not provide any specifics about any retaliation he has personally experienced.

Finally, to the extent Plaintiff alleges that Defendants have failed to protect him from assault by other gang member inmates, his present allegations also fail to state a claim. A prisoner asserting an Eighth Amendment failure-to-protect claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). Plaintiff has not explained how the named individual Defendants in this case—who are supervisory prison officials—were deliberately indifferent to any risk that he would be assaulted by another inmate. Supervisors can only be held liable under § 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). Plaintiff does not allege specific facts showing that Defendants Bryson or Johnson personally participated in any decision regarding Plaintiff's cell assignment, had any customs or policies regarding cell assignments that affected Plaintiff's constitutional rights, directed any of their subordinates to violate Plaintiff's constitutional rights, or knew they were

doing so, had an opportunity to act, and failed to stop them. *See id.* (explaining how causal connection can be established).

Because Plaintiff is acting *pro se*, the Court will give Plaintiff an opportunity to amend his pleading to address these deficiencies. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."). If Plaintiff wishes to pursue his claims, then he is **ORDERED** to amend his Complaint by recasting his statement of claims. When drafting this recast statement of claims, Plaintiff should list each individual he intends to sue in this action on a sheet of paper and then, beside each name, describe exactly (1) what each did, or did not do, to violate his constitutional rights and (2) what injury he suffered as a result of each defendant's actions.

The recast statement of claims will take the place of and supersede all factual allegations made in Plaintiff's original Complaint and Amended Complaint in *Maestrey I* (ECF Nos. 1, 7) and his Complaint and the motion for preliminary injunction filed in the above-captioned action (ECF Nos. 1, 9). The Court will not look back to the facts alleged in those documents once the amendment is filed; the Court will only consider the facts in the recast statement of claims. No other attachments or documents should be filed with the recast statement, and Plaintiff may not incorporate any portion of any other statement of claims into his recast version by mere reference. To survive preliminary review, Plaintiff must allege facts creating "a reasonable expectation" that discovery will reveal evidence to prove his claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555-56 (2007). "Threadbare recitals of the elements of cause of action supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to amend his Complaint as described herein.

## IV. Motion for Preliminary Injunction

Plaintiff also seeks preliminary injunctive relief to prohibit Defendants from (1) transferring him to another prison in an effort to thwart his state habeas proceeding; (2) tampering with his mail; and (3) retaliating against Plaintiff. ECF No. 9 at 3-4. Plaintiff also seeks an "emergency injunction" ordering Defendant Johnson, the Dooly State Prison, and the GDC to place Plaintiff "immediately" into protective custody without a cellmate. *Id.* at 7.[2]

Plaintiff has failed to demonstrate that he is presently entitled to the preliminary injunctive relief he seeks. A preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). A preliminary injunction is appropriate where the movant demonstrates (1) there is a substantial likelihood of success on the merits; (2) the preliminary injunction is necessary to prevent irreparable

---

[2] Plaintiff also filed another motion for preliminary injunction or temporary restraining order in *Maestrey I* that was terminated when the two cases were consolidated. *See Maestery I*, ECF No. 12. That motion largely duplicates Plaintiff's request for injunctive relief in ECF No. 9 in this case without providing any additional significant factual detail. The motion does suggest, however, that Plaintiff may now be on "protective custody" status. *See id.* at 1 (seeking injunctive relief preventing Defendants from "performing or causing to be performed 'the removal of plaintiff's (PC) protective custody-status'").

injury; (3) the threatened injury outweighs the harm the preliminary injunction would inflict on the non-movant; and (4) the preliminary injunction would not be adverse to the public interest. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam).

Even construing Plaintiff's allegations liberally, Plaintiff has failed to meet his burden to establish each of these elements. *See S. Monorail Co. v. Robbins & Myers, Inc.*, 666 F.2d 185, 186 (5th Cir. Unit B 1982) ("A preliminary injunction may not issue unless the movant carries the burden of persuasion as to all four prerequisites."). First, it is entirely unclear from Plaintiff's pleadings that Plaintiff will be successful on the merits of his case. Most of the allegations raised in his motion for preliminary injunctive relief are also in his pleadings, and as noted above, his present allegations fail to state a constitutional claim upon which relief may be granted.[3]

Plaintiff also fails to show that there is a substantial threat that he will suffer irreparable injury if the injunction is not granted. Plaintiff alleges he has been threatened by gang members and fears for his safety, but he also alleges that he has already been placed in an "iso/seg" cell. Although Plaintiff states that he presently has a cellmate, he does not allege that his current cellmate poses a threat to his safety. Rather, Plaintiff's concern is that once his current cellmate leaves, he does not know "'who' will be then

---

[3]Plaintiff does not appear to have directly raised in his previous filings his claims that Defendants have denied him access to the courts because they tampered with his legal mail. *See, e.g.,* ECF No. 9 at 2. But Plaintiff has not demonstrated that he will be successful on the merits of any such claim because he has failed to allege that he suffered any actual injury as a result of such interference. *Jackson*, 331 F.3d at 797. If Plaintiff wishes to raise his claims regarding interference with his legal mail or any other allegations he has referenced in his motion for preliminary injunction, he should include such claims in his recast complaint.

placed in the cell with plaintiff," because "some officer's [sic] are also affiliated gang-members and/or the 'wrong person'" could be "so-called 'accidently [sic]' placed in iso/seg cell with Plaintiff and not realized untill [sic] too late." ECF No. 9 at 6.

An injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931). That Plaintiff's current cellmate might be reassigned, and that Plaintiff might later be assigned a cellmate who might wish to do him harm is too speculative a basis on which to award injunctive relief, particularly given that the courts are generally reluctant to interfere with state prison decisions such as the assignment of a prisoner to a specific facility or security classification. *See, e.g., Freeman v. Fuller*, 623 F. Supp. 1224, 1227 (S.D. Fla. 1985) (finding that the placement of inmates inside a prison "is a matter peculiarly within the province of prison authorities' administrative duties" and that federal courts "accord great deference to administrative decisions rendered by prison authorities and will not interfere except in extreme cases"); *see also Baird v. Hodge*, 605 F. App'x 568, 569 (7th Cir. 2015) (unpublished opinion) (prisoner's contention that, as a former police officer, he was "at risk of attack from any other of the more than 2,000 inmates" in the prison was too speculative to warrant preliminary injunctive relief where prisoner had already been separated from specific inmates who had attacked or threatened him because of his former occupation).

While Plaintiff's allegations should certainly be taken seriously by prison officials in determining whether and when to assign him a new cellmate and in identifying who

11

that cellmate should be, they are not sufficient to support his claim for preliminary injunctive relief at this time. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's motion for preliminary injunction (ECF No. 9) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1. If circumstances have changed since Plaintiff filed his initial motion for injunctive relief, Plaintiff may explain such change in circumstances in his objections and describe how, specifically, Plaintiff's safety is presently in jeopardy.

## V. Conclusion

In sum, Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 2, 8) are **GRANTED**, but Plaintiff's motion for appointed counsel (ECF No. 7) is **DENIED**. The undersigned **RECOMMENDS** that Plaintiff's motion for preliminary injunction (ECF No. 9) be **DENIED**. Plaintiff must also supplement his Complaint as described herein within **TWENTY-ONE (21) DAYS** of the date of this Order. While this action is pending, Plaintiff shall immediately inform the Court in writing of any change in his mailing address. Failure to fully and timely comply with this Order may result in the

dismissal of Plaintiff's Complaint. There will be no service of process in this case until further order.

SO ORDERED and RECOMMENDED, this 1st day of August, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE