IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL ALFRED MAESTREY, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:17-CV-68 (MTT) |
| GLEN JOHNSON, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff Michael Alfred Maestrey moves for appointment of counsel and for reconsideration of the Court's July 26, 2019 Order (Doc. 65). Doc. 85. These motions (Doc. 85) are **DENIED**.

### I.  APPOINTMENT OF COUNSEL

There is no constitutional right to counsel in a 42 U.S.C. § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Only if exceptional circumstances exist should the court appoint counsel. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). There are no such exceptional circumstances in this case.

Maestrey filed an original (Doc. 1) and, in accordance with the Magistrate Judge's instructions (Doc. 10), a recast § 1983 *pro se* complaint (Doc. 12). The facts stated in his recast complaint are not complicated, and the laws governing Maestrey's claims are neither novel nor complex. The recast complaint demonstrates that Maestrey is able to articulate his claims and that he has a basic understanding of the law. Additionally, the issues in his case have been narrowed and only three

Defendants—Bryson, Dozier, and Johnson—remain in the action. Docs. 65, 78. The only remaining issues are Plaintiff's religious freedom claim against Defendants Bryson, Dozier, and Johnson, which is limited to nominal damages, and his claim for injunctive relief against Dozier. Doc. 65. The Court finds that the essential facts and legal doctrines in this case are ascertainable by Maestrey without the assistance of an attorney. Maestrey's motion for the appointment of counsel is accordingly **DENIED**.

## II.     RECONSIDERATION

Maestrey requests the Court to reconsider its July 26,2019 Order (Doc. 65) to the extent that it adopted the United States Magistrate Judge's recommendation (Doc. 57) to dismiss his failure to protect claim against Defendants McClain, Johnson, Dozier, and Bryson. Doc. 85 at 1, 4. "Although the Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration, a district court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222 (M. D. Ga. 1997). The "Court will grant a motion for reconsideration of an interlocutory order only if the movant demonstrates there has been an intervening change in the law, that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or that the court made a clear error of law." *Id.* at 1222-23. None of those factors are present in this case.

In his motion for reconsideration (Doc. 85), Maestrey refers the Court to a "Declaration of Michael Maestrey, Plaintiff, and Statement of Actual Physical Injuries" that he filed on September 12, 2019. Doc. 83. In this declaration, Maestrey indicates that on May 5, 2019, he suffered "physical injuries to his person by way of two cuts to

his left wrist, and an overdose of prescription med[ication] . . . by consuming 24 to 26 pills at one time due to a plot/plan orchestrated by Unit Manager Michael Williams (Wilcox State Prison)" and inmates a Wilcox State Prison. Doc. 83 at 1-2. He states he was then transferred to Johnson State Prison, and on August 26, 2019, his cell mate attacked him. Doc. 83 at 4. Maestrey alleges that Williams and various prison officials or employees at Johnson State Prison failed to protect him.

These allegations provide no basis for the Court to reconsider its decision to dismiss the failure to protect claims against Dooly State Prison Warden Johnson, Dooly State Prion Unit Manager McClain, former Commissioners of the Georgia Department of Corrections Dozier and Bryson. Maestrey's current allegations simply have no connection to these Defendants.

Should Maestrey wish to file a complaint against the individuals he names in his declaration, he will need to exhaust administrative remedies and file a separate 42 U.S.C. § 1983 action naming those individuals and telling the Court exactly how they failed to protect him.

Accordingly, the motion for reconsideration (Doc. 85) is **DENIED**.

**SO ORDERED,** this 25th day of October, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT